UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC., JANE DOE and JOHN DOE,

Plaintiffs,

v.

HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, THE NEW YORK STATE DEPARTMENT OF HEALTH, ELM YORK LLC, MADISON YORK ASSISTED LIVING COMMUNITY, LLC, MADISON YORK REGO PARK LLC, and VILLAGE HOUSING DEVELOPMENT FUND CORPORATION,

Defendants.

18 Civ. 3196 (VSB) (RWL)

## STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is Confidential Information. "Confidential information" shall include

(i) any party's tax returns; (ii) any party's non-public business information; (iii) any individual's (including without limitation, residents or applicants for residency at any adult care facility) "Personally Identifying Information" (individual contact information, current or former employment information, family history, date of birth, social security number, banking, credit, government benefits, and other financial information); (iv) all documents related to any testing conducted by the Fair Justice Housing Center, Inc. ("FHJC"), including, but not limited to, training materials for testers created by the FHJC, investigative documents created by the FHJC and any personally Identifying Information concerning FHJC testers or employees; (v) all documents reflecting medical information for Plaintiffs Jane Doe and John Doe or any resident or applicant for residency at any adult care facility; (vi) the names of Jane Doe and John Doe; (vii) all documents and information which concern or relate to the personal health information or mental health information of any individual, including but not limited to, documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (viii) all non-public documents and information derived therefrom, relating to the operations of the New York State Department of Health ("DOH"); (ix) any other documents or information which counsel in good faith reasonably contends is confidential; and (x) testimony, analysis, reports, or other documents about or which reference the documents and information covered by paragraph 1(i) through (ix) above. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Order.

2. "Non-public documents and information" shall be defined as records that are not available to the public under the Freedom of Information Law (Public Officers Law,

Article 6).

3. Information and documents designated by a party or non-party as confidential will be stamped "CONFIDENTIAL." To designate Confidential Material in testimony (or in exhibits referred to therein), the Producing Party shall either: (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until thirty (30) days after receipt of the transcript.

4. The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this Action and designated as Confidential Material. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulation and Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. In the event that any party obtains information or documents from a Non-Party that another party believes is confidential, any party may designate such information Confidential Material pursuant to this Stipulation and Order and it shall be treated as such in accordance with this Agreement.

5. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

6. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The challenged document or information shall remain Confidential Information until such time as the Court rules or the party or non-party producing the information agrees that it is not. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party

reserves the right to object to the use or admissibility of the Confidential Information.

7. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Personnel of Plaintiffs or Defendants who are actually assisting in the preparation of this action for trial or other proceedings herein;

   b. The requesting party and counsel, including in-house counsel;

   c. Employees of such counsel assigned to and necessary to assist in the litigation;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   f. Deposition or trial witnesses or persons contacted by a party based on a good faith belief that such persons may be witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor;

   g. court reporters, stenographers, videographers and their staff; and

   h. any other person as to whom the Parties agree in writing.

8. Before disclosing or displaying the Confidential Information to any person listed in section 7(d), 7(f), and 7(h) above, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

9. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information, and the failure to designate Confidential Material may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate. Once designated Confidential, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Confidential Information exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

11. Pursuant to Federal Rule of Civil Procedure 502 and 26(b)(5)(B), inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502 and 26(b)(5)(B). Federal Rule of Civil Procedure 502 and 26(b)(5)(B) shall govern the return and use of documents produced in discovery which are subject to a claim of privilege or of protection as trial preparation material and the determination of claims of privilege and/or protection regarding such documents, and this Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and

26(b)(5)(B).

12. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. Nothing in this Stipulation and Order shall be construed to limit, modify, or interfere in any manner with:

    a. the disclosure obligations of DOH under FOIL and related state law, regulations, and judicial decisions;

    b. the interpretation, application, and implementation by DOH, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions;

    c. DOH's or its employee's or official's use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential in this action that they legally have in their possession and which were not received through discovery in this action; or

    d. any producing party's use of its own Confidential Material.

14. Nothing in this Stipulation and Order shall prohibit any Party from using or disclosing Disclosure or Discovery Material in response to a subpoena, court order, or other compulsory process requiring production of Disclosure or Discovery Material or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation

6

of a criminal or administrative case. If a Party is served with a subpoena or a court order issued in another litigation, investigation, or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must, except where a court orders otherwise:

    a. notify in writing the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding; or

    b. give telephonic notice and written notice by email to counsel for the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding.

The Party served with a subpoena or a court order issued in another litigation, investigation, or proceeding must also promptly notify in writing the Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order.

In no event shall production or other disclosure of the "CONFIDENTIAL" information pursuant to the subpoena or court order issued in another litigation, investigation, or proceeding be made before fourteen (14) days following the date on which notice is given to the Designating Party. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Despite the above, in no event shall any Party be required to submit to contempt or violate a court order provided it has acted in good faith to promptly advise the Designating Party of the subpoena or order requiring disclosure of documents designated as "CONFIDENTIAL" (unless specifically prohibited by court order).

15. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

FOR PLAINTIFFS:

MOBILIZATION FOR JUSTICE, INC.

By: _____  Dated: __Dec. 20__, 2019
Kevin M. Cremin
Jota Borgmann
Tanya Kessler
100 Williams Street
New York, NY 10038
Tel: 212-417-3700

9

FOR DEFENDANTS:

LETITIA JAMES
Attorney General of the State of New York
<u>Attorney for State Defendants</u>

By: /s/ _____     Dated: December 20, 2019
John P. Gasior
Erin R. McAlister
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8570
(212) 416-6236


O'Connell and Aronowitz

Attorneys for Defendants Elm York LLC, Madison York Assisted Living Community, LLC, Madison York Rego Park LLC

By: /s/ _____     Dated: Dec. 20, 2019
Michael Y. Hawrylchak
54 State Street
Albany, New York 12207
(518) 462-5601


Hinman Straub, P.C.
Attorneys for Defendant Village Housing Development Corporation

By: /s/ _____     Dated: Dec 20, 2019

David T. Luntz
121 State Street
Albany, New York 12207
(518) 436-0751

SO ORDERED:

/s/ Vernon Broderick
HON. VERNON S. BRODERICK 1/7/2020
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Regarding Confidential Information entered in the United States District Court for the Southern District of New York in the action entitled *Fair Housing Justice Center, Inc., et al. v. Howard A. Zucker, in his official capacity as Commissioner of the New York State Department of Health,, et al.,* 18 Civ. 3196 (VSB) (RWL), and understands the terms thereof.

The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not disclose the Confidential Information except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation