

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Jay D. Dealy
tel: +1.212.858.1270
jay.dealy@pillsburylaw.com

January 8, 2021

**APPLICATION DENIED**
**SO ORDERED**
VERNON S. BRODERICK
U.S.D.J. 1/11/2021

The parties are directed to meet and confer regarding Plaintiffs' proposed depositions after Defendants have had more time to evaluate the issue. Plaintiffs may reapply for leave under Rule 30(a)(2) in the future after Defendants have had more time to evaluate the issue and the parties have met and conferred.

**VIA ECF**

The Honorable Vernon S. Broderick
U.S. District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
30 Foley Square
New York, NY 10007

Re:   *Fair Housing Justice Center, et al., v. Andrew Cuomo, et al.*, 18-CV-3196

Dear Judge Broderick:

We represent plaintiffs Fair Housing Justice Center, Inc., John Doe, and John Doe as Administrator for the Estate of Jane Doe (collectively, "Plaintiffs") and submit this joint letter on behalf of all parties.

Pursuant to Your Honor's Individual Rules & Practices, Section 3, Plaintiffs respectfully request the Court grant leave, pursuant to Fed. R. Civ. P. 30(a)(2), to permit the parties to take a total of up to 20 depositions each. In their initial disclosures, the Defendants[1] collectively have identified more than 10 individuals with relevant knowledge in this action. This number does not include other witnesses who testified at the preliminary injunction hearing in July 2018, nor does it include depositions of corporate entities and government agencies under Fed. R. Civ. P. 30(b)(6). Accordingly, Plaintiffs believe that the 10 depositions provided in Fed. R. Civ. P. 30 are insufficient and that a limit of 20 depositions is reasonable.

---

[1] Defendants comprise of 6 separately named individuals and entities, and include: (i) Howard Zucker, as Commissioner of the New York State Department of Health, and the (ii) New York State Department of Health (collectively "State Defendants"); (iii) Elm York LLC, (iv) Madison York Assisted Living Community, LLC, and (v) Madison York Rego Park LLC (collectively, the "York Defendants"); and (vi) Village Housing Development Fund Corporation ("Village Care").

Hon. Vernon S. Broderick
January 8, 2021
Page 2

Village Care has consented to this request. However, the State Defendants and the York Defendants believe the request for 20 depositions to be premature until such time as they have a better understanding of who will be deposed and how many depositions are truly needed. They have advised that they will not unreasonably withhold consent at that time.

Plaintiffs believe the State Defendants' and the York Defendants' approach is unworkable because the number of depositions will determine whose depositions Plaintiffs will notice and in what sequence. Furthermore, Plaintiffs would like to proceed with noticing the witnesses already identified by Defendants in their Initial Disclosures.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

*/s/ Jay D. Dealy*
Jay D. Dealy

cc:     Counsel of ECF