UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAIR HOUSING JUSTICE CENTER, INC., JANE DOE and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, THE NEW YORK STATE DEPARTMENT OF HEALTH, ELM YORK LLC, MADISON YORK ASSISTED LIVING COMMUNITY, LLC, MADISON YORK REGO PARK LLC, and VILLAGE HOUSING DEVELOPMENT FUND CORPORATION, <br><br> Defendants. | 18 Civ. 3196 (VSB) (RWL) |

## AMENDED ATTORNEYS' EYES ONLY STIPULATION AND ~~PROPOSED~~ ORDER

WHEREAS, the Parties entered and the Court signed a Stipulation and Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, paragraph 7 of the Order calls for the parties to meet and confer if any production requires an "Attorneys' Eyes Only" Designation ("AEO Designation"); and

WHEREAS, after the commencement of this Action, Plaintiff Fair Housing Justice Center ("FHJC") has initiated undercover investigations of non-party adult care facilities in New York State (hereinafter "Open Investigations"); and

WHEREAS, FHJC has been unable to complete the Open Investigations due to the pandemic; and

WHEREAS, Defendants Howard A. Zucker and the New York State Department of Health (collectively, "State Defendants") seek to obtain evidence gathered as part of the Open Investigation as part of the ongoing mediation process and as part of discovery in this action; and

WHEREAS, FHJC wishes to maintain the confidentiality of the evidence gathered in the Open Investigations so as to preserve its ability to complete those undercover investigations and bring claims against those facilities, while at the same time provide such evidence to the State Defendants in order to facilitate settlement discussions as part of the mediation discussions pending before Magistrate Judge Lehrburger,

IT IS ORDERED AND AGREED that the following restrictions and procedures shall apply to the information and documents from the Open Investigations provided by FHJC to counsel for State Defendants in addition to those in the Order that apply to Confidential Information:

1. For purposes of this stipulation, only attorneys employed by the New York State Attorney General's Office who are involved in litigating the above-captioned matter are authorized to obtain, view or discuss documents and information from the Open Investigations produced by Plaintiffs with the AEO Designation. All other attorneys are excluded from obtaining, viewing or discussing documents or information under the AEO Designation, including counsel from the New York State Department of Health, counsel for the private Defendants in this action, and any other counsel or employees of any Defendant in the above-captioned matter, unless there is a court order compelling disclosure or unless the parties enter into a revised agreement regarding documents and information from the Open Investigations with the AEO Designation.

2. To signify that a document is to be treated as AEO, it shall be marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party.

3. The Open Investigations information and documents with the AEO Designation shall be used only for purposes of settlement negotiations with Plaintiffs in the above-captioned action and not to contact any of the subjects of the Open Investigations, issue subpoenas, notice depositions, ask questions at depositions or to otherwise investigate or confirm their contents with third parties or any Party in the above-captioned action.

4. The AEO Designation will remain on all information and documents from the Open Investigations until either they are produced without an AEO Designation or counsel for FHJC notifies counsel for State Defendants in writing that the Open Investigations are concluded. At that time, the Open Investigation information and documents with the AEO Designation will be treated as Confidential under paragraph 7 of the Order, and the procedures outlined in paragraph 8 of the Order will be followed.

5. The disclosure of a document or information without an AEO Designation shall not constitute a waiver of the right to designate such document or information as such. The failure to make an AEO Designation may be corrected by Plaintiffs by written notification to the Recipient promptly upon discovery of the failure to designate. Once an AEO Designation is made, the document or information shall thenceforth be treated as AEO Designation information subject to all the terms of this Stipulation.

6. The information and documents from the Open Investigations with an AEO Designation shall be maintained by counsel for State Defendants in a manner that is secure and confidential to assure that only persons permitted by paragraph 1 of this Agreement may see or obtain the documents or information.

7. By entering this agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreement. Similarly, no Party waives any right to seek any information by entering into this Agreement.

8. If FHJC is unable to conclude the Open Investigations or to produce documents relating to the Open Investigations timely, State Defendants and FHJC agree to use their best efforts to work out an arrangement, including further extending discovery and other deadlines, whereby State Defendants have sufficient time to (1) review the production; (2) issue subpoenas to the tested facilities; (3) receive documents from the facilities; (4) review the documents received from the tested facilities; and (5) notice and take depositions of those facilities.

9. State Defendants reserve all rights to seek to preclude any evidence from trial relating to documents and information that Plaintiffs fail to timely produce, including any evidence relating to the Open Investigations to the extent that, despite the parties' best efforts as set forth in paragraph 8, Plaintiffs do not timely produce documents without an AEO Designation or timely notify counsel for State Defendants in writing that the Open Investigations are concluded.

10. At the conclusion of litigation, information and documents with an AEO Designation and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed by the Recipient by providing a signed writing indicating the date, manner, and names of documents destroyed, except that State Defendants' counsel shall be permitted to retain their working files on the condition that

those parts of the files containing AEO Designation documents or information will remain only available to those set forth in paragraph 1 of this Agreement.

11.     Nothing in this Stipulation and Order shall be construed to limit or impair any rights of the non-signatory private defendants, including the right to seek disclosure of documents or information relating to the Open Investigations.

SO STIPULATED AND AGREED.

FOR PLAINTIFFS:

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____          Dated: __June 15__, 2021
David G. Keyko
Jay D. Dealy
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1000

FOR STATE DEFENDANTS:

LETITIA JAMES
Attorney General of the State of New York
Attorney for State Defendants

By: _____     Dated: _____June 15_____, 2021
    John P. Gasior
    Erin R. McAlister
    Assistant Attorneys General
    28 Liberty Street
    New York, New York 10005
    (212) 416-8570
    (212) 416-6236


SO ORDERED:

Vernon S. Broderick 7/7/2021
United States District Judge